UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| USAA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00282-JMS-DKL |
| | ) | |
| MICHAEL BRUNTON, | ) | |
| ERIC BRUNTON, | ) | |
| ALEX BRUNTON, | ) | |
| THOMAS ROBERT GRAY, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Presently pending before the Court are Plaintiff USAA Life Insurance Company's ("USAA") Motion to Interplead Funds, [Filing No. 3], and Defendant Thomas Robert Gray's Motion to Transfer to the United States District Court for the Northern District of Illinois, [Filing No. 18]. USAA and Defendants Michael, Eric, and Alex Brunton[1] oppose Mr. Gray's transfer request. [Filing No. 28; Filing No. 29.] Mr. Gray opposes USAA's Motion to Interplead Funds because of his transfer request. [Filing No. 31.] For the reasons that follow, the Court denies Mr. Gray's Motion to Transfer, [Filing No. 18], and grants USAA's Motion to Interplead Funds, [Filing No. 3].

## I.
### APPLICABLE STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[1] Because the decedent of the insurance policy at issue and three of the Defendants have the same last name, the Court will refer to them by their first names.

where it might have been brought." Because what is convenient for one litigant may not be convenient for others, the transfer statute "is intended to place discretion in the district court to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (citations omitted). For the convenience evaluation, the Court generally considers the availability of and access to witnesses, each party's access to and distance from resources in each forum, the location of material events, and the relative ease of access to sources of proof. *Id.* The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. *Id.*

The party asking for transfer "has the burden of establishing by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). "Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation*, 626 F.3d at 978.

## II.
### RELEVANT BACKGROUND

Nancy Brunton applied for and was issued a $500,000 life insurance policy with USAA in April 2005 (the "Policy"). [Filing No. 1; Filing No. 1-1.] The Policy did not list a beneficiary when it was issued. [Filing No. 1 at 2; Filing No. 1-1.] On or about June 20, 2005, USAA received a letter signed by Nancy, designating Michael B. Brunton and Nancy A. Brunton, Trustees under the Brunton Family Trust as the primary beneficiary under the Policy. [Filing No. 1 at 2; Filing No. 1-2.] The letter was sent to USAA from Nancy's home in McLean, Virginia. [Filing No. 1-2 at 2.]

2

On or about November 18, 2014, Nancy changed the primary beneficiary of the Policy via telephone to her adult children, Eric and Alex, equally. [Filing No. 1 at 3.] USAA sent a confirmation of that change to Nancy at her address in Virginia. [Filing No. 1-3.]

On or about April 21, 2015, USAA received a billing statement dated April 15, 2015, from Nancy with handwritten notes to change the beneficiary of the Policy to her brother, Mr. Gray. [Filing No. 1 at 3; Filing No. 1-4.] On or about May 19, 2015, USAA sent a blank form for a beneficiary change to Nancy in Virginia, but the form was never returned to USAA. [Filing No. 1 at 3; Filing No. 1-5.]

On July 27, 2015, Nancy died at her home in Virginia. [Filing No. 1-6 (Death Certificate, listing "Decedent's Home" as location of death).] Before Nancy's death, USAA "learned of possible fraudulent activity relating to Nancy Brunton's account and also pending divorce proceedings between Nancy Brunton and Defendant Michael Brunton." [Filing No. 1 at 3.] After Nancy's death, each of the Defendants presented competing claims to the Policy's insurance proceeds. [Filing No. 1 at 3; Filing No. 1-7 (Michael's claim); Filing No. 1-8 (Eric's claim); Filing No. 1-9 (Alex's claim); Filing No. 1-10 (Mr. Gray's claim).]

On January 29, 2016, Mr. Gray filed a complaint in the United States District Court for the Northern District of Illinois, listing USAA as the defendant and Michael as an interested party. [Filing No. 18 at 2; Filing No. 18-1.] Mr. Gray later amended that pleading, and the operative complaint lists USAA, Michael, Alex, and Eric as defendants. [Filing No. 34-1.] Mr. Gray asserts a breach of contract claim against USAA and seeks a declaratory judgment requiring USAA to deposit the proceeds of the Policy with the clerk of the Illinois federal court. [Filing No. 34-1 at 3-4.] Mr. Gray also seeks an order declaring him to be the sole beneficiary entitled to the proceeds from the Policy. [Filing No. 34-1 at 4.] In response to Mr. Gray's complaint in Illinois, USAA

3

filed a motion to transfer that action to this Court and Michael, Eric, and Alex filed a motion to dismiss for lack of personal jurisdiction. [Cause No. 1:16-cv-1784, Dkt. 13; Dkt. 23.] Those motions are now fully briefed and remain pending before the Northern District of Illinois.

On February 2, 2016—two business days after Mr. Gray filed his case in Illinois—USAA filed a Complaint for Interpleader in this Court.[2] [Filing No. 1.] In its Complaint, USAA "admits that the beneficiary of the insurance policy is entitled to payment of insurance proceeds from the Policy" but acknowledges that "there remains a dispute as to which claimant(s) is entitled to insurance benefits." [Filing No. 1 at 4.] Thus, USAA asks to remit the insurance proceeds from the Policy to the Court to be held for the benefit of the parties until the Court determines how the proceeds should be disbursed. [Filing No. 1 at 4.] USAA filed a Motion to Interplead the Funds the same day it filed its Complaint. [Filing No. 3.]

On March 21, 2016, Mr. Gray filed a Motion to Transfer this action from this Court to the Illinois court. [Filing No. 18.] USAA, Michael, Eric, and Alex oppose Mr. Gray's transfer request. [Filing No. 28 (USAA opposition); Filing No. 29 (Bruntons' opposition).] Michael, Eric, and Alex do not oppose USAA's Motion to Interplead the Funds, [Filing No. 30], but Mr. Gray opposes that motion on the basis of his transfer request, [Filing No. 31].

---

[2] The Court confirmed with the parties that it has diversity jurisdiction over USAA's action. [Filing No. 25; Filing No. 26.] Moreover, because the Court ultimately concludes that this case is a proper interpleader action, the interpleader statute "provides the federal court with an independent basis for asserting subject-matter jurisdiction." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008).

## III.
### DISCUSSION

Mr. Gray contends that this Court should transfer USAA's interpleader action to Illinois pursuant to 28 U.S.C. § 1404(a) because Mr. Gray filed his action first and "[t]he overwhelming number of witnesses who would have knowledge of [Nancy's] mental condition during the last year of her life, when she changed the beneficiary of the Policy to Mr. Gray, reside in the Chicago metropolitan area." [Filing No. 18 at 3.]  Mr. Gray emphasizes that deferring to the location of these non-party witnesses is important to minimize their inconvenience.  [Filing No. 18 at 3-4; Filing No. 18-2 at 2.]  Finally, Mr. Gray claims that this action should be transferred because his action in Illinois allegedly seeks "coercive relief" while the action pending here "seeks only declaratory relief." [Filing No. 18 at 5.]

USAA opposes Mr. Gray's transfer request. [Filing No. 28.] It emphasizes that Mr. Gray's action in Illinois is not a proper interpleader action because Mr. Gray did not issue the insurance policy at issue and does not possess the disputed proceeds. [Filing No. 28 at 5-7.] USAA also points out that the Northern District of Illinois may not have personal jurisdiction over Michael, Eric, and Alex, as their motion to dismiss in that case argues. [Filing No. 28 at 4-5.] For these reasons, USAA concludes that the interest of justice and the convenience of the parties and witnesses are best served by the dispute remaining in this Court and this Court enjoining Mr. Gray from proceeding with his case in Illinois. [Filing No. 28 at 7-8.]

Michael, Eric, and Alex also oppose Mr. Gray's transfer request. [Filing No. 29.] They argue that the Court should give considerable deference to USAA's choice of forum as the proper plaintiff in an interpleader action. [Filing No. 29 at 3-4.] They also contend that the interest of justice do not favor transfer because Mr. Gray does not expressly argue that they do, and his characterization of this action and the Illinois action with regard to seeking coercive and

declaratory relief are not accurate. [Filing No. 29 at 4-5.] Michael, Eric, and Alex argue that Mr. Gray's representations regarding alleged non-party witnesses in Chicago are vague, only supported by his self-serving affidavit, and that he does not have personal knowledge about what those witnesses may know. [Filing No. 29 at 7.] Finally, Michael, Eric, and Alex point out that Nancy lived in Virginia when she died and that her trip to Illinois in 2015 does not make that forum clearly more convenient than Indiana, where Michael, Eric, and Alex live. [Filing No. 29 at 7-8.]

In reply, Mr. Gray claims that the interpleader statute provides for personal jurisdiction over Michael, Eric, and Alex in the Northern District of Illinois. [Filing No. 34 at 1.] Mr. Gray does not respond to USAA's argument that his action in Illinois cannot be an interpleader action because he did not issue the Policy or possess the disputed proceeds. [Filing No. 34.] He maintains that the convenience of the parties and witnesses compels transfer of this action to Illinois. [Filing No. 34 at 4-5.] While he acknowledges that there are three claimants located in this District and that he is the only claimant located in Illinois, Mr. Gray contends that Michael, Eric, and Alex should only count as one party because they are represented by the same attorney and, thus, must not have adverse claims to each other. [Filing No. 34 at 5.]

The Federal Interpleader Act provides, in relevant part, that United States district courts have original jurisdiction over a civil interpleader action filed by any entity possessing at least $500 of money or having issued a policy of insurance of at least $500 if there are two or more adverse claimants of diverse citizenship claiming to be entitled to the money. 28 U.S.C. § 1335. It further provides that any civil action of interpleader "may be brought in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397.

It is undisputed that USAA—not Mr. Gray—issued the Policy and is currently in possession of the disputed $500,000. [Filing No. 1-1; Filing No. 1-6.] It is also undisputed that

6

two or more adverse claimants with diverse citizenship claim to be entitled to the money. [Filing No. 1-7 (Michael's claim); Filing No. 1-8 (Eric's claim); Filing No. 1-9 (Alex's claim); Filing No. 1-10 (Mr. Gray's claim); Filing No. 25 (Joint Jurisdictional Statement establishing diversity of citizenship).] Thus, the Court agrees with USAA that pursuant to 28 U.S.C. § 1335, the action USAA filed in this Court is a proper interpleader action, and Mr. Gray's civil action in Illinois is not. Put another way, despite how Mr. Gray styled his claims in the Illinois case, it cannot be a statutory interpleader action because he did not issue the Policy and he does not possess the disputed proceeds. Although USAA made this argument in its response brief, [Filing No. 28 at 5-7], Mr. Gray ignores it in his reply brief, [Filing No. 34]. Thus, he has waived all arguments to the contrary. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (affirming district court decision that failure to respond to argument results in waiver).

USAA acknowledges that because the adverse claimants to the Policy proceeds are citizens of Illinois and Indiana, USAA could have filed its interpleader action in either of those Districts.[3] [Filing No. 28 at 5 (citing 28 U.S.C. § 1397).] Thus, the question regarding the propriety of transfer remains. As the party seeking transfer under 28 U.S.C. § 1404(a), Mr. Gray "has the burden of establishing by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey*, 796 F.2d at 219-20.

To support his argument that transfer to Illinois would be more convenient for the parties and witnesses, Mr. Gray submits his affidavit attesting that Nancy took a trip to Chicago in spring

---

[3] Given USAA's concession and the language of 28 U.S.C. § 1397, which expressly allows an interpleader action to be brought in a judicial district where one or more claimants reside, the Court concludes that the Northern District of Illinois would have personal jurisdiction over Michael, Eric, and Alex for purposes of USAA's interpleader action. This does not mean, however, that the Northern District of Illinois has personal jurisdiction over Michael, Eric, and Alex for purposes of Mr. Gray's civil action, which is not an interpleader action.

of 2015 when the beneficiary of the Policy was allegedly changed to Mr. Gray and, thus, he and other Illinois witnesses are key to determining her state of mind at that time. [Filing No. 18-2.] While Mr. Gray has personal knowledge of his own opinions, he lacks personal knowledge to support any attestations regarding what other witnesses, many of whom are not even identified by name, may know. *See* Fed. R. Evid. 602 (personal knowledge requirement). Mr. Gray also ignores that Nancy lived in Virginia for the ten years between when the Policy was issued and her death. [Filing No. 1-2 (June 30, 2005 letter from Michael and Nancy listing Policy beneficiary in letter with McLean, VA address); Filing No. 1-6 (Nancy's Death Certificate indicating that she died at home and listing same McLean, VA address).] Thus, even if there are additional witnesses in Illinois, there likely are also witnesses in Virginia with relevant information concerning Nancy's mental state, in addition to the three claimants located in Indiana. The Court also rejects Mr. Gray's argument that for purposes of determining how much weight to give to the location of each party, Michael, Eric, and Alex should count as one because they are represented by the same counsel. [Filing No. 34 at 5.] Although they do have the same counsel, each has filed a separate claim to the disputed proceeds and they are three individual parties for purposes of the transfer analysis.[4] [Filing No. 1 at 3; Filing No. 1-7 (Michael's claim); Filing No. 1-8 (Eric's claim); Filing No. 1-9 (Alex's claim).] The Court concludes that while the evidence of record supports the existence of witnesses in this District, the Northern District of Illinois, and Virginia, Mr. Gray has not met his burden to show that transfer of this action to the Northern District of Illinois would be clearly more convenient for the parties and witnesses.

---

[4] To the extent that Mr. Gray implies that counsel for Michael, Eric, and Alex is violating the Indiana Rules of Professional Conduct by representing all three of them, that is not a matter for the Court to determine at this point. *See also* Ind. R. Prof. Cond. 1.7 (setting forth the standards for a conflict of interest between current clients and indicating they can be waived if each affected client gives informed consent in writing).

With regard to the interest of justice factor, the Court finds that USAA's choice of forum is relevant because unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum "should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). That factor is not dispositive, however, because USAA is a Texas entity and this is not its home forum, as Mr. Gray points out. [Filing No. 34 at 6 (citing Filing No. 1).] In terms of the timing of case resolution, the most recent case statistics available from the Administrative Office of the United States Courts indicate that the median resolution time of cases in this District and the Northern District of Illinois is similar. *See* United States Courts, *U.S. District Courts Combined Court Management Statistics*, Table at p. 7 (indicating that median time from filing to civil disposition in INSD is 9.0 months and in ILND is 7.2 months, while the median time from filing to civil trial in INSD is 31.0 months and in ILND is 36.7 months), *available at* http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/12/31-3) (last visited May 19, 2016). Additionally, the Court does not find Mr. Gray's pending civil action in Illinois to be a reason to transfer this action there because USAA has filed a motion to transfer that case to this District; Michael, Eric, and Alex have filed a motion to dismiss that action for lack of personal jurisdiction; and this Court has the authority to enjoin Mr. Gray from pursuing that action.[5] *See* 28 U.S.C. § 2361 (giving the district court in which an interpleader action is pending the authority to restrain all claimants from "instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court"). For these reasons, the Court finds that Mr. Gray has not

---

[5] The Court is issuing a separate Order to Show Cause to Mr. Gray why it should not enjoin him from pursuing his civil action in Illinois pursuant to 28 U.S.C. § 2361.

9

met his burden to show that the transfer of this action to the Northern District of Illinois would clearly be in the interest of justice.

As a final point, Mr. Gray argues that this Court should transfer USAA's action to Illinois because USAA allegedly only seeks declaratory relief while Mr. Gray allegedly seeks coercive relief in his action. [Filing No. 18 at 5 (citing *Research Automation*, 626 F.3d at 979).] The case Mr. Gray cites as support for the nature of relief sought being a factor in the transfer analysis is distinguishable because that case was not an interpleader action. Instead, by its nature, USAA's statutory interpleader action begins with a request that it be allowed to deposit the disputed funds with the Clerk of Court, and then the adverse claimants may litigate their claims, ultimately seeking coercive relief in the form of a distribution of the proceeds at issue. *See* 28 U.S.C. § 1335; Fed. R. Civ. Pro. 22.

For these reasons, the Court concludes that Mr. Gray has not met his burden as the movant to show that transfer of USAA's interpleader action to the Northern District of Illinois is appropriate under 28 U.S.C. § 1404(a). Thus, Mr. Gray's Motion to Transfer is denied. [Filing No. 18.]

### IV.
#### CONCLUSION

For the reasons stated herein, Mr. Gray's Motion to Transfer Case to the United States District Court for the Northern District of Illinois, [Filing No. 18], is **DENIED**.

Because Mr. Gray's opposition to USAA's Motion to Interplead Funds, [Filing No. 3], rests on his transfer arguments and that request has been denied, [Filing No. 31], USAA's Motion to Interplead Funds is **GRANTED**, [Filing No. 3]. It is **THEREFORE, ORDERED, ADJUDGED AND DECREED** that Plaintiff USAA Life Insurance Company, by counsel, and in accordance with Federal Rule of Civil Procedure 67, is authorized to deposit into the Court registry

the life insurance proceeds from the life insurance policy, calculated at the contractual interest rate from the date of death to the date of the Court Order.

  USAA is **ORDERED** to file a notice of this Order in Cause No. 1:16-cv-01784 pending before the Northern District of Illinois **within three business days**.

Date:  May 19, 2016

                Hon. Jane Magnus-Stinson, Judge
                United States District Court
                Southern District of Indiana

**Distribution via CM/ECF:**

Fred Anthony Paganelli
tony@tonypaganelli.com

Anna Muehling Mallon
CANTRELL STRENSKI & MEHRINGER, LLP
amallon@csmlawfirm.com

Keith D. Mundrick
CANTRELL STRENSKI & MEHRINGER, LLP
kmundrick@csmlawfirm.com

Daun Antoinette Weliever
LEWIS WAGNER LLP
dweliever@lewiswagner.com

Joseph Neal Bowling
LEWIS WAGNER LLP
nbowling@lewiswagner.com

Stephanie Lauren Grass
PAGANELLI LAW GROUP
stephanie@paganelligroup.com